*249
 
 Gaston, J.
 

 In our opinion, both of the questions of law raised on the trial of this case were against the defendant. o • The licence, under which he sought to justify the first alleged trespass, was an implied or presumed licence to enter the plaintiff’s close, in order to carry off the corn, which the plaintiff had permitted to be there deposited. Now it is not reasonable, and therefore not legal, to presume a more extensive licence than is essential to the enjoyment of that which was expressly granted. The permission to keep the corn on the plaintiff’s premises cannot be fully enjoyed without the liberty of ingress and egress to and from the place of deposit, for the purpose of watching over, or disposing of, the corn so deposited. But a permission to pass over the plaintiff’s premises for a particular purpose, must be understood to authorize an entry by the mode of access provided lor such purpose, that is, through the gate or other appropriate entrance into the inclosure, and not by a breach of the fence, the very purpose of which is to defend and shut out the premises against all persons but the owner.
 

 As to the second alleged trespass, if its character is to be tested by common-law principles, it was clearly without justification. Any entry upon the land of another, against his will an,d without his authority, is a trespass; and, by the common-law, the owner of beasts or stock (as they are termed with us) is bound at his peril so to keep them, as to prevent their trespassing upon the land of another, whether it be in fact inclosed or uninclosed. How far this obligation may be changed by reason of the enactment of our Legislature, whereby every planter is required under the penalty of one hundred dollars to keep a sufficient fence about his cleared ground under cultivation, and a remedy is given to him for damage done upon his inclosed ground by the stock of another, provided it shall appear that his fence is sufficient, (see Rev. Stat. c. 48,) is an enquiry which it is unnecessary now to prosecute. For admitting, as appears to have been assumed below, that no trespass was committed by reason of the defendant’s hogs wandering over the plaintiff’s close, and that the defendant might lawfully enter thereon for the purpose of removing them, he ought to exercise this
 
 *250
 
 licence without unnecessary damage to the plaintiff. To down the plaintiff’s fence, when there were gaps through which the hogs might be driven, seems to us an act of this kind, and, therefore, not warranted by any construction of the law. He, who abuses a
 
 legal
 
 licence, is a trespasser
 
 ab initio.
 
 Let the judgment below be affirmed.
 

 Per Curiam, Judgment affirmed.