NORFOLK SOUTHERN RAILROAD COMPANY v. RAPID TRANSIT COMPANY, R. E. RICKS, RECEIVER.

(Filed 9 October, 1929.)

**Trespass A b——Use of land beyond license constitutes trespass ab initio.**

> The permission of a carrier by rail to its patrons to store cotton on its platform confers upon them the right to remove the cotton, but does not extend to the right to permit a competitive carrier to do so for the purpose of transporting the cotton over its own line, and the competitor's acts in so doing is trespass *ab initio*.

CIVIL ACTION, before *Lyon, J.,* at May Special Term, 1929, of PITT.
    The plaintiff is a corporation operating a line of railway in North Carolina as a common carrier of freight and passengers, and in connection with such business is the owner of a lot of land in the town of Greenville, North Carolina, bounded on the north by Ninth Street; on the east by the right of way of plaintiff company; on the south by Tenth Street, and on the west by the warehouse property of F. V. Johnson. Several years ago the plaintiff constructed a platform upon said property and has permitted various persons to store cotton thereon pending shipment, and has also permitted the public cotton weigher of the town of Greenville to go upon said platform and weigh cotton. The defendant is the owner of a cotton platform in the town of Greenville some distance from plaintiff's property, which said platform has been used for storing cotton.
    The evidence further discloses that the defendant is engaged in the business of operating trucks for transporting cotton and other commodities from Greenville to other points in this State. In November, 1927, the defendant, through its agents and employees, went upon the platform of plaintiff and removed therefrom cotton for the purpose of

transporting or shipping said cotton to other points. In procuring the cotton the defendant used a truck and trailer. The plaintiff notified the defendant to stay off its premises, as it was a competitor and had no right to come upon plaintiff's property with trucks and trailers to remove cotton from its platform. The defendant refused to remain off plaintiff's land and platform, but persisted in coming there and removing and shipping cotton, contending that the owners of cotton had authorized the entry upon plaintiff's land for the purpose aforesaid. Whereupon plaintiff applied for an injunction to restrain further trespass upon its property by the defendant and its agents. Thereafter the restraining order was dissolved and the plaintiff appealed. The appeal was disposed of in 195 N. C., p. 305, 141 S. E., 926. Subsequently the question came on for hearing upon its merits. The following issues were submitted to the jury:

"1. Did the defendant commit a trespass in going upon the premises of the plaintiff railroad company and hauling away the cotton of Speight & Company, and others, as alleged?"

"2. What damage has the defendant Rapid Transit Company sustained by reason of the injunction issued and continued against said defendant?"

The trial judge directed the jury to answer the first issue "Yes," and the second issue "No."

From judgment upon the verdict the defendant appealed.

*F. G. James & Son for plaintiff.*
*J. Con Lanier and Albion Dunn for defendant.*

BROGDEN, J. The cotton platform owned by the plaintiff was private property, and so far as the evidence discloses, was not subject to any public duty or obligation. Various parties in Greenville had been permitted by the plaintiff to bring cotton to the platform where the official weigher was stationed. The cotton weigher was employed by the county and there was no contract between the county and the plaintiff for using the platform, but such platform was used merely by the license and permission of plaintiff. Certain cotton dealers of Greenville purchased cotton upon the platform and thereafter authorized the defendant to proceed to the platform with a truck and trailers to remove said cotton, not for the purpose of delivering same to the owners, but for the purpose of shipping and transporting it as a competitor of the plaintiff.

The plaintiff relies upon the rule of law declared by a majority of the courts to the effect that a railroad company, so long as it affords reasonable accommodation to the public, may grant to one person the

exclusive privilege of entering its stations and grounds for the purpose of soliciting patronage. The principle is tersely expressed in *Delaware L. & W. R. Co. v. Town of Morristown,* 276 U. S., 182, 48 Supreme Court Reporter, 276 : "There was no duty upon petitioner to accord to other taxicabmen the use of its lands simply because it had granted Welsh the privileges specified in its contract with him. Petitioner is not bound to permit persons having no business with it to enter its trains, stations or grounds to solicit trade or patronage for themselves; they have no right to use its property to carry on their own business." *Black & White Taxi. & T. Co. v. Brown & Yellow Taxi. & T. Co.,* 276 U. S., 518, 48 Supreme Court Reporter, 404; *Thompson's Express & Storage Co. v. Mount,* 111 Atlantic, 173, 15 A. L. R., 351. These decisions, of course, have a general application to the question involved in this appeal, but do not decide the exact point presented. The controlling question upon this record is whether the owner of cotton can send an agent to the platform of the plaintiff and remove the cotton for shipment to other points, when the agent so selected is himself a competitor of the plaintiff. Obviously, this would amount to permitting the competitor to use plaintiff's property in order to carry on his own business. Furthermore, the evidence tends to show that the plaintiff permitted the owners of cotton to use the platform for storing the same which, of course, conferred the right upon such owners to enter the premises and remove the property. Clearly, this was a mere license. Therefore, when the defendant entered upon the premises of the plaintiff not for the purpose of delivering the cotton to the owner, but for the purpose of shipping and transporting it as a competitor of the plaintiff, there was an abuse of the license, for the reason that the license was extended to a point far beyond that which was essential to the enjoyment of the right conferred by the railroad upon the owners of the cotton. In this aspect of the law the defendant became a trespasser *ab initio.* Thus in *Bear v. Harris,* 118 N. C., 476, the defendant purchased the cargo of a vessel upon condition that the same should be removed within thirty days. Thereupon the defendant moved the vessel about two miles down the river in order to procure a more convenient landing place for the cargo. The vessel was caught in a storm and damaged. The plaintiff brought suit against the defendant for damages, and the defendant took the position that as he had a right to enter the vessel and remove the cargo, he was not a trespasser, and therefore not liable. The Court said : "The right to enter the boat at the wharf within thirty days and remove the cargo was not an implied license to remove the schooner to another place for convenience and unload. It was not a necessity, but was the abuse of a legal license, and made the defendant a trespasser

*ab initio."* Again in *Gardner v. Rowland,* 24 N. C., 247, the plaintiff gave to the defendant permission to enter his land and remove some corn, directing that the defendant enter the land through the gate. Instead of doing this defendant pulled down the fence. The Court held that the defendant was a trespasser. *Gaston, J.,* writing the opinion, said: "Now it is not reasonable, and therefore not legal, to presume a more extensive license than is essential to the enjoyment of that which was expressly granted."

Upon the record, the instruction of the trial judge was correct and the judgment is

Affirmed.